Jones v Workmen's Circle Multicare Ctr. (2025 NY Slip Op 01290)

Jones v Workmen's Circle Multicare Ctr.

2025 NY Slip Op 01290

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 817962/22|Appeal No. 2646|Case No. 2023-03407|

[*1]Grace Jones, Also Known as Grace H. Jones, Deceased, etc., Plaintiff-Respondent,
v
Workmen's Circle Multicare Center, et al., Defendant-Appellants.

Goldberg Segalla LLP, Buffalo (James M. Specyal of counsel), for appellants.
Finkelstein & Partners, LLP, Newburgh (Levi C. Lipton of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered June 12, 2023, which denied defendants' motion to change venue to Westchester County, unanimously reversed, on the law, without costs, and the motion granted.
Defendants, in support of their motion to change venue, established that the nursing home admission agreement signed by plaintiff, as the decedent's designated representative, to secure the decedent's admission had a forum selection clause, which granted exclusive jurisdiction for any dispute arising under that agreement to the state courts in Westchester County or the United States District Court for the Southern District of New York (see Knight v New York & Presbyt. Hosp.,  NY3d , 2024 NY Slip Op 05870, *2 [2024]; Caio v Throgs Neck Rehabilitation & Nursing Ctr., 197 AD3d 1030, 1031 [1st Dept 2021]; Hendricks v Wayne Ctr. for Nursing & Rehabilitation, 194 AD3d 648, 648-649 [1st Dept 2021]). In support of their motion, defendants submitted the affidavit of Noriama Khan, the admissions coordinator who signed the admission agreement on behalf of defendants, who averred, in pertinent part, that it was her practice to "permit the resident's family member to sign the admission paperwork on the resident's behalf only if the resident affirmatively represents that the family member has authority to do so," and that she "would have reviewed every page of the Admission Agreement with [plaintiff]" and would have witnessed plaintiff's execution of the agreement (cf. Knight, 2024 NY Slip Op 05870, *2-3 [a party moving to enforce a contractual venue provision may establish the authenticity of the writing containing the provision "through circumstantial evidence"]). Plaintiff's authority to execute the admission agreement on the decedent's behalf was also evidenced by a "Designated Representative & Authorization Form" (DRA form) in the record, which the decedent had executed by making an "X" sign.
Defendants having submitted evidence that the plaintiff is bound by a valid venue selection agreement, the burden shifted to plaintiff, as the party challenging the validity of that agreement, to show why it should not be enforced (see Caio, 197 AD3d at 1031). Plaintiff failed to sustain that burden. Plaintiff, who submitted only an attorney's affirmation in opposition to the motion, did not submit an affidavit disputing any statement in Khan's affidavit or affirmatively raising any issue as to her actual or apparent authority to sign the admission agreement on the decedent's behalf or to bind the decedent to the admission agreement's venue provision.[FN1] Contrary to plaintiff's arguments, and in the face of her failure to submit an affidavit, no issue as to her authority was raised by the handwritten notation on the DRA form that the decedent (who, as previously noted, executed the form by making an "X" sign) had been "unable to sign," nor was such an issue raised by the typed note on the signature page of the admission agreement that the decedent[*2]"refused to sign [the] agreement."
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025

Footnotes

Footnote 1: We note that, unlike in Knight, plaintiff herein has not challenged the authenticity of her signature on the admission agreement.